MOORE *v.* LYON, 25 Wend. 119,

Not reported in Court below.

*Devise ; Estate.*

EJECTMENT.

In a devise of real estate to " M. for life, and from and after her death to her three daughters by name, " or to the survivors or survivor of them, their heirs, &c., forever," &c. (See opinion of Nelson, Ch. J., 25 Wend. 120.)

The Supreme Court held, that the remainders to the children of M., were not *vested*, but *contingent*, as they went to the survivors ; and who this might be was uncertain.

Per Nelson, Ch. J. The counsel for the defendant concedes the case to the plaintiff, unless he can maintain that the clause of survivorship referred to the event *of the death of the testator.* Such con lusion would conflict with the plain intent of the will. The premises were given to M., for life, and after her decease to the three daughters, the survivor or survivors of them, clearly referring to the event of her death;" and that court gave judgment accordingly. But

The Court of Errors held, (the President of the Senate, the Chancellor, and Senator Verplanck, delivering opinions in favor of *reversal*,) that the children's estate in remainder, was a *vested interest* at the *death of the testator*, and that therefore, though at the death of the tenant for life, but *one* of them be *surviving*, he takes only one third of the estate and the *heirs at law*, of the two others, (they being *surviving* at the death of the testator,) take the residue between them ; that the words of survivorship relate to the *death of the testator* and not to the *death of the tenant for life*, unless from *other* parts of the will it be manifest that the *intent* of the testator was otherwise.

Judgment *reversed* 13 to 3.